IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PRO-LIFE MISSISSIPPI, DANA
CHISHOLM, ESTER MANN, JOHN
BREKEEN, LARUA DURAN, DOUG LANE
RONALD NEDERHOED, BERKELEY
OSTRANDER, and CALVIN ZASTROW                    **PLAINTIFFS**

VS.                              Civil Action No. 3:14CV568-CWR-FKB

LINDSAY HORTON, individually and in his
Official capacity as the Chief of Police for the
City of Jackson, Mississippi; JESSE ROBINSON,
Individually and in his official capacity as an officer
For the City of Jackson, Mississippi Police Department
JAMES McGOWAN, individually and in his official
Capacity as an officer for the City of Jackson Police
Department; MARY JAMES, individually and in her official
Capacity as an officer for the City of Jackson, Mississippi
Police Department; MARIE HAMPTON, individually and
In her official capacity as an officer for the City of Jackson
Police Department; JAMES ROSS, individually and in
His official capacity as an officer of the City of Jackson
Police Department; WILLIS THOMAS, individually and
In his official capacity as an officer of the City of Jackson
Police Department; UNKNOWN OFFICERS 1-10 individually
And in their official capacities as officers of the City of
Jackson Police Department; and the CITY OF JACKSON,
MISSISSIPPI                                    **DEFENDANTS**

ANSWER AND AFFIRMATIVE DEFENSES
OF INDIVIDUALLY NAMED OFFICERS
LINDSAY HORTON, JESSE ROBINSON, MARY
JAMES AND MARIE HAMPTON

COMES NOW, individually named officers, Lindsay Horton, Jesse Robinson,

Mary James and Marie Hampton, in their individual capacities, by and through counsel,

and pursuant to the Federal Rules of Civil Procedure and other applicable authority,

submit this Answer and Affirmative Defenses to the Complaint filed against it in the above-styled cause and states as follows:

## INTRODUCTION

1.  Paragraph One This first unnumbered paragraph appears introductory in nature, and therefore does not require a response.  To the extent that this introductory, unnumbered paragraph seeks to impose liability on the Defendant, however, the Defendant would deny the same and demand strict proof thereof.

2.  Defendants admit that a Consent Decree was entered into and would state that the Consent Decree speaks for itself.  The Defendants deny all other allegations contained in Paragraph Two of the Complaint.

3.  Defendants deny the allegations contained in Paragraph Three of the Complaint.

4.  Defendants deny the allegations contained in Paragraph Four of the Complaint.

5.  Defendants deny that Plaintiffs are entitled to any declaratory relief or monetary damages whatsoever.

## JURISDICTION AND VENUE

6.  Defendants admit that this Court has jurisdiction over this matter.

7.  Defendants admit that venue is proper in this matter.

## PARTIES

8.  Defendants admit Paragraph Eight of the Complaint.

9.  Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph Nine of the Complaint and therefore deny the same.

10.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph Ten of the Complaint and therefore deny the same.

11.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph Eleven of the Complaint and therefore deny the same.

12.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph Twelve of the Complaint and therefore deny the same.

13.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph Thirteen of the Complaint and therefore deny the same.

14.     Defendants admit that they are a municipal corporation and that the Police Department is responsible for enforcing municipal ordinances within the City of Jackson.

15.     Defendants admit the allegations contained in Paragraph Fifteen of the Complaint.

16.     Defendants admit the allegations contained in Paragraph Sixteen of the Complaint.

17.     Defendants admit the allegations contained in Paragraph Seventeen of the Complaint.

18.     Defendants admit the allegations contained in Paragraph Eighteen of the Complaint.

19.     Defendants admit the allegations contained in Paragraph Nineteen of the Complaint.

20.     Defendants admit the allegations contained in Paragraph Twenty of the Complaint.

21.     Defendants admit the allegations contained in Paragraph Twenty-One of the Complaint.

22.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph Twenty-Two of the Complaint, and thereby deny the same.

**<u>FACTS</u>**

23.     Defendants are without sufficient knowledge to admit or deny the claims in Paragraph Twenty-Three of the Complaint, and therefore deny the same.

24.     Defendants deny, as worded, the allegations contained in Paragraph Twenty-Four of the Complaint.

25.     Defendants deny the allegations contained in Paragraph Twenty-Five of the Complaint.

26.     Defendants deny the allegations contained in Paragraph Twenty-Seven of the Complaint.

27.     Defendants deny the allegations contained in Paragraph Twenty-Five of the Complaint.

28.     Defendants admit that a consent decree was entered into, but deny the remaining allegations contained in Paragraph Twenty-Eight of the Complaint.

29.     Defendants deny the allegations contained in Paragraph Twenty-Nine of the Complaint.

30.     Defendants deny the allegations contained in Paragraph Thirty of the Complaint.

31.     Defendants deny the allegations contained in Paragraph Thirty-One of the Complaint.

32.     Defendants deny the allegations contained in Paragraph Thirty-Two of the Complaint.

33.     Defendants deny the allegations contained in Paragraph Thirty-Three of the Complaint.

34.     Defendants deny the allegations contained in Paragraph Thirty-Four of the Complaint.

35.     Defendants deny the allegations contained in Paragraph Thirty-Five of the Complaint.

36.     Defendants deny the allegations contained in Paragraph Thirty-Six of the Complaint.

37.     Defendants deny the allegations contained in Paragraph Thirty-Seven of the Complaint.

38.     Defendants deny the allegations contained in Paragraph Thirty-Eight of the Complaint.

39.     Defendants deny the allegations contained in Paragraph Thirty-Nine of the Complaint.

40.     Defendants deny the allegations contained in Paragraph Forty of the Complaint.

41.     Defendants deny the allegations contained in Paragraph Forty-One of the Complaint.

42.     Defendants deny the allegations contained in Paragraph Forty-Two of the Complaint.

43.     Defendants deny the allegations contained in Paragraph Forty-Three of the Complaint.

44.     Defendants deny the allegations contained in Paragraph Forty-Four of the Complaint.

45.     Defendants deny the allegations contained in Paragraph Forty-Five of the Complaint.

46.     Defendants deny the allegations contained in Paragraph Forty-Six of the Complaint.

47.     Defendants deny the allegations contained in Paragraph Forty-Seven of the Complaint.

48.     Defendants deny the allegations contained in Paragraph Forty-Eight of the Complaint.

49.     Defendants deny the allegations contained in Paragraph Forty-Nine of the Complaint.

50.     Defendants deny the allegations contained in Paragraph Fifty of the Complaint.

51.     Defendants deny the allegations contained in Paragraph Fifty-One of the Complaint.

52.     Defendants deny the allegations contained in Paragraph Fifty-Two of the Complaint.

53.     Defendants deny the allegations contained in Paragraph Fifty-Three of the Complaint.

54.     Defendants deny the allegations contained in Paragraph Fifty-Four of the Complaint.

55.     Defendants deny the allegations contained in Paragraph Fifty-Five of the Complaint.

56.     Defendants deny the allegations contained in Paragraph Fifty-Six of the Complaint.

57.     Defendants deny the allegations contained in Paragraph Fifty-Seven of the Complaint.

58.     Defendants deny the allegations contained in Paragraph Fifty-Eight of the Complaint.

59.     Defendants deny the allegations contained in Paragraph Fifty-Nine of the Complaint.

60.     Defendants deny the allegations contained in Paragraph Sixty of the Complaint.

61.     Defendants deny the allegations contained in Paragraph Sixty-One of the Complaint.

62.     Defendants deny the allegations contained in Paragraph Sixty-Two of the Complaint.

## ALLEGATIONS OF LAW

63.     Defendants deny the allegations contained in Paragraph Sixty-Three of the Complaint.

64.     Defendants deny, as worded, the allegations in Paragraph Sixty-Four of the Complaint.

65.     Defendants deny the allegations contained in Paragraph Sixty-Five of the Complaint.

66.     Defendants deny the allegations contained in Paragraph Sixty-Six of the Complaint.

67.     Defendants deny the allegations contained in Paragraph Sixty-Seven of the Complaint.

68.     Defendants deny the allegations contained in Paragraph Sixty-Eight of the Complaint.

69.     Defendants deny the allegations contained in Paragraph Sixty-Nine of the Complaint.

70.     Defendants deny the allegations contained in Paragraph Seventy of the Complaint.

71.     Defendants deny the allegations contained in Paragraph Seventy-One of the Complaint.

72.     Defendants deny the allegations contained in Paragraph Seventy-Two of the Complaint.

73.     Defendants deny the allegations contained in Paragraph Seventy-Three of the Complaint.

74.     Defendants deny the allegations contained in Paragraph Seventy-Four of the Complaint.

75.     Defendants deny the allegations contained in Paragraph Seventy Five of the Complaint.

## FIRST CAUSE OF ACTION

### 42 U.S.C. §1983: Free Speech and Due Process

76.     Paragraph 76 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant.  To the extent that this Paragraph requires and answer, Defendants deny the allegations.

77.     Defendants deny the allegations contained in Paragraph Seventy-Seven of the Complaint.

78.     Defendants deny the allegations contained in Paragraph Seventy-Eight of the Complaint.

79.     Defendants deny the allegations contained in Paragraph Seventy-Nine of the Complaint.

80.     Defendants deny the allegations contained in Paragraph Eighty of the Complaint.

81.     Defendants deny the allegations contained in Paragraph Eighty-One of the Complaint.

82.     Defendants deny the allegations contained in Paragraph Eighty-Two of the Complaint.

83.     Defendants deny the allegations contained in Paragraph Eighty-Three of the Complaint.

84.     Defendants deny the allegations contained in Paragraph Eighty-Four of the Complaint.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983:  Free Speech and Due Process

85.     Paragraph 85 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant.  To the extent that this Paragraph requires and answer, Defendants deny the allegations.

86.     Defendants deny the allegations contained in Paragraph Eighty-Six of the Complaint.

87.     Defendants deny the allegations contained in Paragraph Eighty-Seven of the Complaint.

88.     Defendants deny the allegations contained in Paragraph Eighty-Eight of the Complaint.

89.     Defendants deny the allegations contained in Paragraph Eighty-Nine of the Complaint.

90.     Defendants deny the allegations contained in Paragraph Ninety of the Complaint.

91.     Defendants deny the allegations contained in Paragraph Ninety-One of the Complaint.

92.     Defendants deny the allegations contained in Paragraph Ninety-Two of the Complaint.

93.     Defendants deny the allegations contained in Paragraph Ninety-Three of the Complaint.

94.     Defendants deny the allegations contained in Paragraph Eighty-Three of the Complaint.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983:  Equal Protection

95.     Paragraph 95 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant.  To the extent that this Paragraph requires and answer, Defendants deny the allegations.

96.     Defendants deny the allegations contained in Paragraph Ninety-Six of the Complaint.

97.     Defendants deny the allegations contained in Paragraph Ninety-Seven of the Complaint.

98.     Defendants deny the allegations contained in Paragraph Ninety-Eight of the Complaint.

99.     Defendants deny the allegations contained in Paragraph Ninety-Nine of the Complaint.

## FOURTH CAUSE OF ACTION

## 42 U.S.C. § 1983: Unlawful Retaliation

100.    Paragraph 100 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant.  To the extent that this Paragraph requires and answer, Defendants deny the allegations.

101.    Defendants deny the allegations contained in Paragraph One Hundred One of the Complaint.

102.    Defendants deny the allegations contained in Paragraph One Hundred Two of the Complaint.

## FIFTH CAUSE OF ACTION

### 42 U.S.C. §1983:  False Arrest

103.    Paragraph 103 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant.  To the extent that this Paragraph requires and answer, Defendants deny the allegations.

104.    Defendants deny the allegations contained in Paragraph One Hundred Four  of the Complaint.

105.    Defendants deny the allegations contained in Paragraph One Hundred Five of the Complaint.

106.    Defendants deny the allegations contained in Paragraph One Hundred Six of the Complaint.

107.    Defendants deny the allegations contained in Paragraph One Hundred Seven of the Complaint.

108.    Defendants deny the allegations contained in Paragraph One Hundred Eight of the Complaint.

109.    Defendants deny the allegations contained in Paragraph One Hundred Nine of the Complaint.

110.    Defendants deny the allegations contained in Paragraph One Hundred Ten of the Complaint.

111.     Defendants deny the allegations contained in Paragraph One Hundred Eleven of the Complaint.

112.     Defendants deny the allegations contained in Paragraph One Hundred Twelve of the Complaint.

113.     Defendants deny the allegations contained in Paragraph One Hundred Thirteen of the Complaint.

114.     Defendants deny the allegations contained in Paragraph One Hundred Fourteen of the Complaint.

115.     Defendants deny the allegations contained in Paragraph One Hundred Fifteen of the Complaint.

116.     Defendants deny the allegations contained in Paragraph One Hundred Sixteen of the Complaint.

117.     Defendants deny the allegations contained in Paragraph One Hundred Seventeen of the Complaint.

118.     Defendants deny the allegations contained in Paragraph One Hundred Eighteen of the Complaint.

119.     Defendants deny the allegations contained in Paragraph One Hundred Nineteen  of the Complaint.

120.     Defendants deny the allegations contained in Paragraph One Hundred Twenty of the Complaint.

121.     Defendants deny the allegations contained in Paragraph One Hundred Twenty- One of the Complaint.

122. Defendants deny the allegations contained in Paragraph One Hundred Twenty-Two of the Complaint.

123. Defendants deny the allegations contained in Paragraph One Hundred Twenty-Three of the Complaint.

## SIXTH CAUSE OF ACTION

## Mississippi Constitution Article 3, Section 11, 13, 14 and 18

124. Paragraph 124 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant. To the extent that this Paragraph requires and answer, Defendants deny the allegations.

125. Defendants deny the allegations contained in Paragraph One Hundred Twenty- Five of the Complaint.

## SEVENTH CAUSE OF ACTION

## State Law Claim: Malicious Prosecution

126. Paragraph 126 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant. To the extent that this Paragraph requires and answer, Defendants deny the allegations.

127. Defendants deny the allegations contained in Paragraph One Hundred Twenty- Seven of the Complaint.

128. Defendants deny the allegations contained in Paragraph One Hundred Twenty- Eight of the Complaint.

129. Defendants deny the allegations contained in Paragraph One Hundred Twenty- Nine of the Complaint.

130.    Defendants deny the allegations contained in Paragraph One Hundred Thirty of the Complaint.

131.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-One of the Complaint.

132.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Two of the Complaint.

133.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Three of the Complaint.

134.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Four of the Complaint.

135.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Five of the Complaint.

136.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Six  of the Complaint.

137.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Seven of the Complaint.

138.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Eight  of the Complaint.

139.    Defendants deny the allegations contained in Paragraph One Hundred Thirty-Nine of the Complaint.

140.    Defendants deny the allegations contained in Paragraph One Hundred Forty of the Complaint.

141.    Defendants deny the allegations contained in Paragraph One Hundred Forty-One of the Complaint.

142.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Two of the Complaint.

143.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Three of the Complaint.

144.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Four of the Complaint.

145.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Five of the Complaint.

146.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Six of the Complaint.

## EIGTH CAUSE OF ACTION

### State Law Claim:  Intentional Infliction of Emotional Distress

147.    Paragraph 147 simply re-alleges the paragraphs contained in the Complaint and does not require an answer from this Defendant.  To the extent that this Paragraph requires and answer, Defendants deny the allegations.

148.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Eight of the Complaint.

149.    Defendants deny the allegations contained in Paragraph One Hundred Forty-Nine of the Complaint.

150.    Defendants deny the allegations contained in Paragraph One Hundred Fifty of the Complaint.

## **PRAYER**

1.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

2.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

3.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

4.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

5.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

6.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

7.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

8.     Defendants deny that Plaintiffs are entitled to any relief or damages, whatsoever from the allegations Contained in this Paragraph.

AND NOW, having fully and completely answered the Complaint and allegations filed against it, the City of Jackson pleads as follows:

## **AFFIRMATIVE DEFENSES**

### **I.**

The Plaintiff fails to state a claim upon which relief can be granted.

### **II.**

The Plaintiff failed to fully and properly comply with the notice requirement as set forth in MISS. CODE ANN. §11-46-11 (1972), as amended, and this Court is without jurisdiction over this matter.

### III.

This Defendant is immune from suit as alleged in the Complaint pursuant to the Mississippi Tort Claims Act as codified in MISS. CODE ANN. §11-46-1, et seq. (as amended).

### IV.

The Plaintiff has failed to state a cause of action against this Defendant, pursuant to MISS. CODE ANN. §11-46-9.

### V.

At all times and as to all matters material to the Complaint, this Defendant acted reasonably and in accordance with the law and did not breach any duty which may have been owed to Plaintiff.

### VI.

At all material times, herein, the City of Jackson and its employees, agents, and servants, at all times relevant hereto, used the degree of care required of them under law and are not liable in damages to the Plaintiff.

### VII.

The Plaintiff had a duty to use reasonable care to mitigate damages, if any. Any damages which could have been mitigated through the use of reasonable care are not recoverable.

## VIII.

Any injury, damage, or deprivation alleged or suffered by the Plaintiff was the result of the Plaintiff's failure to act reasonably to avoid or mitigate such injury, damage or deprivation.

## IX.

The actions or inactions on the part of the Plaintiff were the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any. That in the alternative, the actions or inactions on the part of the Plaintiff amounted to an intervening cause and as such, constitutes the sole, proximate cause and only cause of the incident complained of and the damages sustained by the Plaintiff if any.

## X.

If the actions or inactions on the part of the Plaintiff were not the sole, proximate and only cause of the incident complained of and the alleged damages sustained by the Plaintiff, if any, the actions or inactions on the part of the Plaintiff caused and contributed to the incident complained of and the damages sustained by the Plaintiff, if any, and any damages which the Plaintiff would otherwise be entitled must be reduced in degree and to the proportion that the action or inaction of the Plaintiff caused or contributed to the incident.

## XI.

This Defendant asserts any and all other defenses available to it under MISS CODE ANN. §85-5-7.

**XII.**

The Plaintiff's damages, if any, were proximately caused and are a result of a superseding and/or intervening cause for which this Defendant cannot be held liable and for which recovery cannot be had against this Defendant.

**XIII.**

Under the facts and circumstances of this action, this Defendant cannot be held liable for punitive damages.

**XIV.**

An award of compensatory damages, pre-judgment and post-judgment interest, attorneys' fees, costs of suit and for such other and further relief against this Defendant is statutorily barred and/or not warranted in this case.

**XV.**

This individual Defendant is entitled to qualified immunity, discretionary immunity, sovereign immunity and/or any other applicable immunity.

**XVI.**

Defendant City of Jackson hereby invokes the defenses of expiration of the statute of limitation(s), waiver, laches, and ripeness, lack of mutual assent, lack of consideration, lack of definitive terms and lack of contract.

**XVII.**

Defendant City of Jackson avers that the alleged employment action was not the result of any improper motive and was otherwise justified under the law.

## XVIII.

This Defendant hereby gives notice that it intends to rely upon such other and further defenses which may become available or apparent during discovery in this civil action and reserves the right to amend its answer to assert any such defenses.

Respectfully submitted this the 19th day of August, 2014.

LINDSAY HORTON, individually; JESSE ROBINSON, individually; MARY JAMES, Individually and MARIE HAMPTON, individually


BY:     /s/ Claire Barker_____
        Claire Barker, MSB #101312
        Deputy City Attorney


OF COUNSEL:

Monica Joiner, MSB #102154
City Attorney
OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi39207-2779
Office:          601-960-1799
Facsimile:     601-960-1756

## <u>CERTIFICATE</u> <u>OF</u> <u>SERVICE</u>

The undersigned certifies that he has this day transmitted via electronic mail through ECF electronic filing a true and correct copy of the foregoing Answer and Affirmative Defenses to the following:

> Steve C. Thronton, Esq.
> P.O. Box 16465
> Jackson, Mississippi 39236
>
> Catherine W. Short, Esq.
> Allison K. Aranda, Esq.
> P.O. Box 890685
> Temecula, CA 92589
>
> *Counsel for Plaintiff*

So certified, this the 19th day of August, 2014.

/s/ Claire Barker_____
CLAIRE BARKER
