IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**PRO-LIFE MISSISSIPPI; DANA CHISHOLM; ESTER MANN; JOHN BREKEEN; LAURA DURAN; DOUG LANE; RONALD NEDERHOED; BERKELEY OSTRANDER; and CALVIN ZASTROW**,

Plaintiffs,

**LINDSEY HORTON**, *individually and in his official capacity as Chief of Police for the City of Jackson, Mississippi*; **JESSE ROBINSON,** *individually and in his official capacity as an officer for the City of Jackson Mississippi Police Department*; **JAMES McGOWAN**, *individually and in his official capacity as an officer for the City of Jackson Mississippi Police Department*; **MARY JAMES**, *individually and in her official capacity as an officer for the City of Jackson Mississippi Police Department*; **MARIE HAMPTON**, *individually and in her official capacity as an officer for the City of Jackson Mississippi Police Department*; **JAMES ROSS**, *individually and in his official capacity as an officer for the City of Jackson Mississippi Police Department*; **WILLIS THOMAS**, *individually and in his official capacity as an officer for the City of Jackson Mississippi Police Department*; **UNKNOWN OFFICERS 1 - 10**, *individually and in their official capacity as officers for the City of Jackson Mississippi Police Department*; and the **CITY OF JACKSON, MISSISSIPPI**,

Defendants,

**ALL WOMEN'S HEALTHCARE OF JACKSON, INC. d/b/a JACKSON WOMEN'S HEALTH ORGANIZATION**

Intervenor.

CASE NO. 3:14-CV-568-CWR-FKB

**ORDER**

Before this Court is All Women's Healthcare of Jackson, Inc. d/b/a Jackson Women's Health Organization's (JWHO) Motion to Intervene filed January 24, 2019. Docket No. 91. After consideration of the arguments and applicable law, the motion is denied.

On October 4, 2016, this Court entered a Consent Decree as a final resolution between the plaintiffs, pro-life protestors/demonstrators, and the defendants, the City of Jackson's police department. The Consent Decree stated that "[t]he Court shall retain jurisdiction of this Decree for one (1) year from the date of its entry to enforce the terms of the consent judgment, at which time the case shall be dismissed with prejudice and without prior notice to the parties." Docket No. 86. The parties agreed with and consented to the terms. *Id*. The case was then administratively closed on the Court's docket.

Under the plain language of the Consent Decree, it expired on October 4, 2017. More than one year after the Decree expired, JWHO filed this motion stating that this Court should allow it to intervene in this case "so that it can file a motion to dismiss . . . and/or take any other appropriate action necessary to protect its rights." Docket No. 94 at 2.

JWHO cannot intervene to dismiss, or otherwise take any action against, a consent decree that no longer exists. "[T]he scope of a consent decree must be discerned within its four corners." *United States v. Armour & Co.*, 402 U.S. 673, 682 (1971). The Fifth Circuit has held that once a consent decree has expired on its own terms, it is no longer enforceable. *See United States v. Overton*, 834 F.2d 1171, 1174 (5th Cir. 1987). The Consent Decree at issue expired in 2017. By its terms, the Court no longer retained jurisdiction over the Consent Decree. Because the Consent Decree has expired, this matter fails under every requirement of Article III standing[1] and is

---
[1] To demonstrate standing, JWHO must show that: (1) it has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or

untimely under Rule 24 of the Federal Rules of Civil Procedure. JWHO states that "[d]espite the fact the Consent Decree was entered over two years ago, this action has never been dismissed." Docket No. 91 at 2. It may not have been dismissed through a Final Judgment, but having expired, this case has no life. Once the Consent Decree expired on its own terms, this cause was dismissed. No additional Final Judgment was necessary.

Accordingly, the Motion to Intervene is denied.

**SO ORDERED**, this the 27th day of June, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

hypothetical, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely . . . that the injury will be redressed by a favorable decision." *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (quotation marks and citations omitted). The Consent Decree could not have caused a cognizable injury to JWHO because the decree is inoperative. For that same reason, this matter is not redressable by the Court.